UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE A. FORNEY,

    Petitioner,

v.                                                     Case No.  8:06-cv-1980-T-17TGW

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.

_____

**ORDER**

THIS CAUSE is before the Court on Petitioner Bruce Allen Forney's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. The petition attacks Forney's convictions for Second Degree Murder, Burglary With Assault, and Robbery arising from the Tenth Judicial Circuit in Polk County, Florida, in state circuit case number CF93-3255A1-XX.

PROCEDURAL BACKGROUND

On August 3, 1993, the Grand Jury returned a three-count Indictment charging Forney with First Degree Murder, Armed Burglary, and Robbery. (Exhibit 1). The case proceeded to a jury trial, and Forney was found guilty of Second Degree Murder (a lesser included offense), Burglary With Assault, and Robbery. Forney was sentenced on June 16, 1994. (Exhibit 2).  The court sentenced Forney, as a habitual felony offender, to concurrent life sentences for Second Degree Murder and Burglary, and to a consecutive term of thirty (30) years on the Robbery count.

Forney appealed. On October 27, 1995, in Case No. 2D94-02567, the Second District Court of Appeal issued a written opinion affirming Forney's convictions for second degree murder, burglary, and robbery, but reversing and remanding for resentencing on the robbery count to impose a concurrent, rather than consecutive, sentence. (Exhibit 3). Forney v. State, 662 So. 2d 731 (Fla. 2d DCA 1995). The court issued its mandate on November 30, 1995. (Exhibit 4).

Forney was resentenced in accordance with the mandate on January 19, 1996. (Exhibit 5). Forney took an appeal from the resentencing judgment. (Exhibit 6). On June 25, 1997, in Case No. 2D96-00546, the appellate court filed a per curiam unwritten opinion affirming Forney's sentence. (Exhibit 7). Forney v. State, 696 So. 2d 359 (Fla. 2d DCA 1997)[table]. The mandate in that case was issued on July 11, 1997. (Exhibit 8).

On November 2, 1998, pursuant to Fla. R. Crim. P. 3.850, Forney filed a pro se document entitled "Memorandum In Post Conviction Relief." (Exhibit 9). The trial court denied the motion on February 16, 1999, finding the motion to be legally insufficient on its face.[1] (Exhibit 11). Forney did not appeal that ruling. Instead, he filed a second motion for postconviction relief on July 7, 1999, which he described as a "correction" to the earlier rule 3.850 motion found to be insufficient by the trial court. (Exhibit 12 at p. 3). The second motion presented six allegations of ineffective

---

[1] In the body of its order, the trial court referred to the rule 3.850 motion as a "Motion to Correct Sentence and Petition for Writ of Habeas Corpus." It appears the order refers to the "Memorandum in Post Conviction Relief" signed by Forney on November 2, 1998, because no motion to correct sentence or petition for writ of habeas corpus was filed by Forney during the relevant time period. (Exhibit 10: Case Docket at page 44).

assistance of trial counsel. On October 15, 1999, the court issued an order summarily denying all but one ground of the rule 3.850 motion. (Exhibit 13).

On January 16, 2003, the court conducted an evidentiary hearing to resolve the remaining claim, in which Forney alleged his trial counsel was ineffective for failing to raise and argue incompetency of Forney to stand trial. (Exhibit 14). At the beginning of the evidentiary hearing, the State entered into the record the deposition transcripts of Dr. Henry Dee, trial counsel Lawrence Shearer, and Dr. Berland. After reviewing a consensus proffer of the deposition testimonies, the court concluded there was no longer a need to conduct a hearing and denied ground two of the rule 3.850 motion. This decision was memorialized in a final order denying the motion for postconviction relief on January 27, 2003. (Exhibit 15). Forney appealed the orders denying relief. On February 27, 2004, in Case No. 2D03-509, the Second District Court of Appeal filed a per curiam unwritten opinion affirming the trial court's orders denying postconviction relief. (Exhibit 16). Forney v. State, 871 So. 2d 222 (Fla. 2d DCA 2004)[table]. The mandate issued on March 29, 2004. (Exhibit 17).

On April 10, 2006, Forney filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Exhibit 18). The trial court summarily denied the motion on June 5, 2006. (Exhibit 19). Forney appealed. On October 4, 2006, in Case No. 2D06-3019, the appellate court affirmed the order denying relief, with citations. (Exhibit 20). Forney v. State, 2006 Fla. App. LEXIS 16557 (Fla. 2d DCA 2006). The mandate was issued on October 25, 2006. (Exhibit 21).

Forney signed the instant § 2254 petition on October 24, 2006. (Doc. 1). Forney raises one ground for relief.

The instant petition is time-barred under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. Forney's judgment became final on **September 23, 1997**, ninety (90) days after his resentencing judgment was affirmed on appeal on June 25, 1997. See Bond v. Moore, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review). Rule 13(3) of the Supreme Court Rules provides as follows:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3). See also, Chavers v. Secretary, Fla. Dept. of Corrections, Case No. 05-15163 (11th Cir. Oct. 31, 2006) (confirming that the one-year statute of limitations begins to run 90 days after the appellate court's affirmance, rather than 90 days after the mandate was issued).

Accordingly, Forney had one year, or until **September 22, 1998**, to file his federal petition. Subsection (2) of §2244(d) provides that the "time during which a

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Forney did not file a collateral application until **November 2, 1998**, thirty-nine (39) days after the one-year period had already expired. Therefore, assuming arguendo that the rule 3.850 motion was properly filed, it does not act to toll the federal statutory period. See Tinker v. Moore, 255 F.3d 1331 (11th Cir. 2001), where the Eleventh Circuit, quoting Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000), held that a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." Id. at 1333.

Moreover, there is an additional time period during which no properly filed collateral applications were pending in state court. More than two years passed between the issuance of the mandate in the rule 3.850 appeal on **March 29, 2004**, and the filing of the rule 3.800 motion to correct sentence on **April 10, 2006**. In total, the instant petition is untimely by more than three years and must be dismissed.

The Eleventh Circuit has held that section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence'" (emphasis added). Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000)(quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). See also Helton v. Sec. for the Dep't of Corr., 259 F.3d 1310, 1314-15 (11th Cir. 2001). However, in this case, Forney has neither argued nor shown

that there are any extraordinary circumstances that are both beyond his control and unavoidable with diligence, and therefore he is not entitled to equitable tolling.

Accordingly, the Court orders:

That Forney's petition is denied, with prejudice, as time-barred. The Clerk is directed to enter judgment against Forney and to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

The Court will consider a motion to reopen this case, if, within 30 days of the date of this order, Forney can show, by record evidence, that the petition is not time-

barred, or that he is entitled to equitable tolling. Forney must file a motion to reopen the case and cite specific facts to support his motion.

ORDERED at Tampa, Florida, on December 6, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Bruce A. Forney